UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 3:18-CV-00334-MR

| | |
|---|---|
| KATHLEEN C. THOMAS ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANDREW SAUL, Commissioner ) <br> of Social Security ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

**I.  BACKGROUND**

On November 14, 2013, the Plaintiff, Kathleen C. Thomas ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), and supplemental security income under Title XVI of the Act, alleging an onset date of June 20, 2013. [Transcript ("T.") at 213, 219, 249]. The Plaintiff's claim was initially denied on January 14, 2014 and upon reconsideration on November 21, 2014. [Id.

at 139, 147]. Upon the Plaintiff's request, a hearing was held on April 7, 2017 before an Administrative Law Judge ("ALJ"). [Id. at 42]. On July 13, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of June 20, 2013. [Id. at 34]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 3]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

3

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, June 20, 2013. [T. at 22]. At step two, the ALJ found that the Plaintiff has severe impairments including "[o]rganic brain injury, post-traumatic stress disorder ("PTSD"), migraines, anxiety, and pelvic fracture" and non-severe impairments including syncope and fibromyalgia. [Id. at 22-23]. The ALJ also found that the "medical evidence does not support the finding of fibromyalgia consistent with SSR 12-2p . . . as a medically determinable impairment." [Id. at 23]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings.

6

[Id. at 13-15]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasional climbing of ramps and stairs, but should never climb ladders, ropes and scaffolds. She is limited to frequent balancing, stooping, kneeling, crouching, and crawling. She is limited to moderate public contact, in brief exchanges, frequent contact with supervisors and coworkers, but not teamwork for task completion. She is further limited to a stable work environment.

[Id. at 25].

At step four, the ALJ identified the Plaintiff's past relevant work as a cashier, hostess, pharmacy technician, retail sales clerk, developer, automatic and order taker. [Id. at 32]. The ALJ found that the Plaintiff is "capable of performing past relevant work as a developer, automatic and pharmacy technician" because that "work does not require the performance of work-related activities precluded by the claimant's residual function capacity." [Id.].

Alternatively, at step five, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other work in the national economy. [Id. at 33]. Therefore, the ALJ concluded that the Plaintiff was not "disabled" as defined by the Social

Security Act from June 20, 2013, the alleged onset date, through July 13, 2017, the date of the decision. [Id. at 21].

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ erred by stating that the Plaintiff's fibromyalgia was not a medically determinable impairment. [Doc. 12 at 16].

SSR 12-2p provides guidance to an ALJ in assessing whether a claimant has a medically determinable impairment of fibromyalgia. See SSR 12-2p, 2012 WL 3104869, at *2-3 (July 25, 2012). According to SSR 12-2p, the claimant can show a medically determinable impairment of fibromyalgia by demonstrating: (1) a diagnosis from an acceptable medical source and (2) evidence from that source that satisfies either the 1990 American College of Rheumatology Preliminary Diagnostic Criteria for fibromyalgia (the "1990 Criteria") or the 2010 American College of Rheumatology Preliminary Diagnostic Criteria for fibromyalgia (the "2010 Criteria"). Id. The Defendant does not contest that the Plaintiff was diagnosed with fibromyalgia by an acceptable medical source, [Doc. 14 at 12], and the Plaintiff does not contest the ALJ's finding that she does not satisfy the 1990 Criteria. [Doc. 12 at 17].

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

As such, this Court's review only need focus on whether the Plaintiff satisfied the 2010 Criteria.

The 2010 Criteria states that a claimant shows a medically determinable impairment of fibromyalgia if she has: (1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and (3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. See SSR 12-2p, 2012 WL 3104869, at *2-3.

Here, the ALJ found that "the medical evidence does not support the finding of fibromyalgia consistent with SSR 12-2p, which outlines the required findings for the Social Security Administration to find fibromyalgia as a medically determinable impairment." [T. at 23]. The ALJ only discussed whether the Plaintiff met the 1990 Criteria, stating that SSR 12-2p requires the Plaintiff to "demonstrate widespread pain in all parts of the body and axial skeletal pain, at least 11 positive tender points on physical examination, which must be present bilaterally, above and below the waist, and evidence that other disorders that could cause the symptoms or signs were excluded."

[Id. at 23]. The ALJ never considered whether the 2010 Criteria were met because the ALJ never discussed whether the Plaintiff showed (1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions; or (3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. See SSR 12-2p, 2012 WL 3104869, at *2-3.

As such, the ALJ failed to properly evaluate whether the Plaintiff showed a medically determinable impairment of fibromyalgia according to the 2010 Criteria. Because the ALJ failed to consider the 2010 Criteria, the ALJ's conclusion that the Plaintiff's fibromyalgia was not a medically determinable impairment was not supported by substantial evidence. See Mills, 2017 WL 957542, at *4 (citing Radford, 734 F.3d at 295) ("Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations.").

The ALJ also confusingly found that the Plaintiff's fibromyalgia was a non-severe medical impairment before then finding that the fibromyalgia was not a medically determinable impairment. [T. at 23]. The ALJ did not cite

any evidence or provide any explanation for his finding that the Plaintiff's fibromyalgia was non-severe. As such, the ALJ's conclusion that the Plaintiff's fibromyalgia was non-severe cannot serve as an alternative basis for denying the Plaintiff's claim because that conclusion also was not supported by substantial evidence.[2]

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. When assessing if the Plaintiff's fibromyalgia is a medically determinable impairment on remand, the ALJ must explain if Plaintiff meets the 1990 Criteria or the 2010 Criteria, including whether the Plaintiff shows (1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions; or (3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. See SSR 12-2p, 2012 WL 3104869, at *2-3.

---

[2] Because the Court has determined that a remand is necessary on this ground, the Court need not address the Plaintiff's other assignments of error.

11

**<u>ORDER</u>**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED**, and the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 23, 2019

Martin Reidinger
United States District Judge